UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT WHITE, ET AL.,<br><br>                         Plaintiffs,<br><br>         -against-<br><br>RIKERS ISLAND DOC; BOB BARKER COMPANY, INC.,<br><br>                         Defendants. | 25-CV-6406 (LTS)<br><br>ORDER TO SEVER AND<br>OPEN NEW CIVIL ACTIONS |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Robert White ("White"), who currently is detained at the Otis Bantum Correctional Facility ("OBCC") on Rikers Island, filed this *pro se* complaint challenging his and 18 other detainees' conditions of confinement with respect to the mattresses they were issued at OBCC. The complaint lists the names of the 18 other detainees, all of whom signed the complaint.[1]

For the reasons set forth below, the Court directs the Clerk of Court to (1) sever the claims, under Rule 21 of the Federal Rules of Civil Procedure, brought by each plaintiff whose name appears in the complaint; and (2) open a new civil action for each plaintiff other than White, who will now be the sole plaintiff in this case.

## DISCUSSION

Under Rule 20 of the Federal Rules of Civil Procedure, multiple plaintiffs may join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the

---

[1] Although White is the only detainee to have filed an application to proceed *in forma pauperis* ("IFP") and prisoner authorization, he appears to be the only listed plaintiff who did not sign the complaint. By separate order, the Court will direct White to submit a signed signature page.

action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Under Rule 21 of the Federal Rules of Civil Procedure, courts have the authority to sever claims, even without a finding that joinder of such claims was improper. Generally, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay," Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted), a court may sever a claim, *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met" (citation omitted)).

In determining whether to order severance of claims, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007) (noting that when considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003))).

The Court finds that, in the interests of judicial economy, the claims brought by Plaintiffs should be severed under Fed. R. Civ. P. 21 because the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the plaintiffs' claims in one action.

First, as *pro se* litigants, each plaintiff may only appear only on his or her own behalf; none may appear as an attorney for the others. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'" (citations omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause"). Although it appears that White filed the complaint, he cannot represent the interests of the 18 other plaintiffs.

Second, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During this action, each plaintiff will be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Rikers Island, where one or more of the plaintiffs could be released or transferred at any time, at least some of the plaintiffs likely will be unable to sign future documents.

Finally, because of security concerns related to correspondence and face-to-face communications between detained individuals, Plaintiffs will have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the court. These circumstances will result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint,

security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

For these reasons, the Court concludes that allowing this case to proceed as a multi-plaintiff case would not be fair to the plaintiffs and would not achieve judicial economy. Allowing each plaintiff to proceed separately will facilitate the fair and efficient disposition of the litigation.

The Court therefore severs this action into individual cases. Robert White will proceed as the sole plaintiff in this action. The other 18 plaintiffs, listed below, will each be assigned a new case number. A copy of the complaint (ECF 1) and this order will be docketed in each new case. The new cases will proceed independently from this point on, and the plaintiffs will not be regarded as co-plaintiffs, except upon further order of the Court. Once the new cases are opened, the Court will direct the other individuals to submit signed IFP applications, and prisoner authorizations.

This order offers no opinion on whether these claims may be treated as related under Rule 13 of the Division of Business Among District Judges or be consolidated under Rule 42 of the Federal Rules of Civil Procedure.[2]

---

[2] The severance of Plaintiffs' claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the court can deem the cases related or consolidate them. *See generally Hagan v. Rogers*, 570 F.3d 146, 161 (3d Cir. 2009) ("The difference between joinder under Rule 20 and consolidation under Rule 42(a) is not a distinction without a difference. Under the latter rule, before there is a consolidation there are, by definition, separate actions, for each of which a filing fee is paid and each of which must stand on its own merit.").

The following two pages include a list of the 18 other plaintiffs:

1. Michael Fields
   NYSID: 09532170K
   B&C: 1412501841

2. Ryan Dash
   NYSID: 11925146L
   B&C: 4412403207

3. Livingston Paguandas
   NYSID: 00176214N
   B&C: 1412501119

4. Tymier Wolfhope
   NYSID: 16021201H
   B&C: 3492403046

5. Richard Cranford
   NYSID: 00688684J
   B&C: 1412302251

6. Hakeem Cox
   NYSID: 12178253Q
   B&C: 1132500014

7. Ashaunte Scott
   NYSID: 13332584M
   B&C: 3492400027

8. Shawn Delisle
   NYSID: 13646190N
   B&C: 4102300124

9. Moriyah Lewis
   NYSID: 01166221H
   B&C: 8952200274

10. Marley Senat
    NYSID: 00026256Z
    B&C: 3492401917

11. Francisco Deleon
    NYSID: 15483746H
    B&C: 2412402335

12. Marshall Bolden
    NYSID: 16782287L
    B&C: 3492502497

13. Shatee Galarza
    NYSID: 00259652J
    B&C: 2412400170

14. Jordan Hannah
    NYSID: 13543741H
    B&C: 4102500080

15. Eric Madera
    NYSID: 14068829R
    B&C: 2412401843

16. Omar Johnson
    NYSID: 11879719H
    B&C: 2102400451

17. Amad Edwards
    NYSID: 15658385M
    B&C: 3492403338

18. Matthew Soloman
    NYSID: 00339754Z
    DIN: 25R1346

## CONCLUSION

The Court severs the claims of all Plaintiffs under Fed. R. Civ. P. 21. Robert White will proceed as the sole plaintiff in this action.

The Clerk of Court is directed to open a separate civil action with a new docket number for each of the 18 plaintiffs listed on pages five and six of this order. A copy of the complaint (ECF 1) and this order shall be docketed in each new case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to each of the plaintiffs at their address of record.

SO ORDERED.

Dated:    August 26, 2025
          New York, New York

                              /s/ Laura Taylor Swain
                        _____
                              LAURA TAYLOR SWAIN
                        Chief United States District Judge