UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLY SENAT,

                Plaintiff,

           -against-

RIKERS ISLAND DOC; BOB BARKER COMPANY INC.,

                Defendants.

25-CV-7071 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained at the Otis Bantum Correctional Center on Rikers Island, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 25-CV-7071 (LTS).[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 8, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.